Argued and submitted April 19, reversed and remanded with instructions December 22, 1982, reconsideration denied February 4, petition for review allowed March 8, 1983 (294 Or 569)
See 296 Or 195, 674 P2d 1159 (1983)

## COMMITTEE OF ONE THOUSAND TO RE-ELECT STATE SENATOR WALT BROWN,
*Respondent,*

*v.*

## EIVERS,
*Appellant.*

## (No. 78-12-236, CA A21758)

655 P2d 623

Arthur B. Knauss, Milwaukie, argued the cause for appellant. With him on the brief was Redman, Carskadon, Knauss & Kelley, Milwaukie.

Gary M. Berne, Portland, argued the cause for respondent. With him on the brief was Stoll & Stoll, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, a political committee, filed this action for damages under the Oregon Corrupt Practices Act. ORS 260.532. The jury awarded both compensatory and punitive damages. Defendant appeals and raises several assignments of error. Because we conclude that defendant was entitled to a directed verdict on one of several grounds urged, we reverse.

At the time this case was filed in 1978, ORS 260.532, provided, in part:

"(1)  No person shall write, print, publish, post, communicate or circulate, or cause to be written, printed, published, posted, communicated or circulated, any letter, circular, bill, placard, poster or other publication or communication, or cause any advertisement to be placed in a newspaper or any other publication, or singly or with others pay for any such advertisement, knowing such letter, circular, bill, placard, poster, communication, publication or advertisement to contain any false statement of material fact relating to any candidate or political committee, or if he is candidate, to himself, or any false statement of material fact relating to any measure.

"* * * * *

"(4)  Any candidate or political committee aggrieved by a violation of subsection (1) of this section shall have a right of action against the person or persons alleged to have committed the violation. The aggrieved party may file the action in the circuit court for any county in this state in which a defendant resides or can be found or, if the defendant is a nonresident of this state, in the circuit court for any county in which the publication occurred.

"(5)  Except as provided in subsection (6) of this section, a plaintiff who prevails in an action provided by subsection (4) of this section shall recover punitive damages and attorney fees and may also recover general damages if any have been suffered, but proof of general damages is not required for recovery of punitive damages and attorney fees. Any prevailing party may be awarded reasonable attorney fees.

"(6)  A political committee has standing to bring an action provided by subsection (4) of this section as plaintiff in its own name, if its purpose as evidenced by its preelection activities, solicitations and publications has been

injured by the violation and if it has fully complied with all provisions of this chapter, but a political committee may not be sued as defendant in such an action. * * *

"* * * * *"

The two statements claimed to be false in this case were made in three printed brochures circulated to the public during the campaign, containing the following statements:

"In 1977 W. Brown introduced SJR 52, which would have established a new state-wide property tax."

and

"At a time when the people were clearly saying they wanted lower property taxes, George's opponent introduced legislation to add a new, state-wide property tax."

Defendant moved for a directed verdict on the ground, among others, that the only evidence established that the allegedly false statements were with regard to Brown, not to plaintiff committee. Defendant argued that the committee was, therefore, not the aggrieved party entitled to bring this action. We agree.

Subsections (1) and (4) of the statute quoted above indicate that the injury to a candidate or political committee is the violation of ORS 260.532(1), *i.e.,* the false statement of material fact, not the damage consequent thereto, because actual damages are unnecessary to an award of damages under ORS 260.532(5). It follows that the aggrieved party is the party about whom the false statement of material fact has been made, not the party, if any, that has been damaged financially.

Although we are not bound by dictum in Supreme Court cases, the following quotation from a footnote in *Comm. to Retain Judge Tanzer v. Lee,* 270 Or 215, 220-21 n 1, 527 P2d 247 (1974), supports our conclusion, and we adopt it.

"Although not raised by the parties, a question exists as to whether the Committee to Retain Judge Jacob Tanzer is the proper party to bring the action in this case in the absence of an allegation that something false was said about the Committee. ORS 260.532(1) prohibits a knowing

publication or communication of a false statement of material fact relating to any candidate *or* political committee. Subsection (4) allows to any candidate or political committee which has been aggrieved by a violation of subsection (1) a right of action against the person alleged to have committed the violation. That subsection also provides that the aggrieved party may file the action in the circuit court for the county in which the defendant resides or can be found. The statute gives a cause of action to the candidate if he is the aggrieved party or to the political committee if it has been the aggrieved party.

"It is possible for a candidate to have a political committee in each of the 36 counties. It is doubtful that the legislature intended to give each committee a cause of action for the same alleged false statement about their candidate, nor that a successful candidate who won 35 such cases and lost one should thereby lose the nomination.

"The fact that subsection (6) of ORS 260.532 gives a political committee standing to bring an action assures that the committee instead of all its members will have the legal standing to sue in the event that a false statement is made about it." (Emphasis in original.)

In this case the allegedly false statements were made about the candidate, not the committee. There was no evidence the committee was aggrieved in the sense that false statements were made about it, and defendant was entitled to a directed verdict.

Reversed and remanded with instructions to enter judgment for defendant.